United States District Court
Southern District of Texas
**ENTERED**
October 21, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PREMIER POLYMERS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1812 |
| | § | |
| GREGORY WENDT, RAVAGO HOLDINGS AMERICA, INC., RAVAGO AMERICAS, LLC, AND GENESIS POLYMERS, | § § § § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants Ravago Holdings America, Inc. ("Ravago Holdings"), Ravago Americas, LLC ("Ravago Americas"), and Genesis Polymers's (collectively the "Ravago Defendants") motion to dismiss all claims for lack of personal jurisdiction (Dkt. 50) and plaintiff Premier Polymers, LLC's ("Premier") emergency motion to (1) conduct jurisdictional discovery and (2) enlarge time to respond to the motion to dismiss and amend complaint (Dkt. 52). The Ravago Defendants oppose Premier's motion to conduct jurisdictional discovery. Dkt. 55. Alternatively, they request that the court limit Premier's proposed discovery. *Id*. at 15. After considering the motion, response, reply, and applicable law, Premier's motion (Dkt. 52) is GRANTED and the Ravago Defendants' request to limit Premier's proposed discovery (Dkt. 55) is DENIED.

### I. BACKGROUND

On May 29, 2015, Premier filed its original complaint against its former employee Gregory Wendt in state court, seeking, among other things, injunctive relief to prevent Wendt from

continuing to disclose Premier's confidential and proprietary trade secret information to the Ravago Defendants. Dkt. 1. On June 25, 2015, Wendt removed the lawsuit to this court. *Id*. On July 17, 2015, this court granted Premier's motion for a permanent injunction. Dkt. 38. Premier subsequently amended its complaint to include the Ravago Defendants. Dkt. 40. In response, the Ravago Defendants filed their motion to dismiss (Dkt. 50), prompting Premier to file an emergency motion to conduct jurisdictional discovery. Dkt. 52.

## II. LEGAL STANDARD

In order to take jurisdictional discovery, a plaintiff must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). A preliminary showing does not require proof that personal jurisdiction exists, but it does require "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted)). Discovery of jurisdictional facts is appropriate when the existing record is inadequate to support personal jurisdiction and the record shows that the requested discovery is likely to produce facts needed to withstand a motion to dismiss. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014).

Premier seeks to assert jurisdiction over the Ravago Defendants based on both general jurisdiction and specific jurisdiction. Dkt. 56 at 1. General jurisdiction over a corporation is proper in a place where its affiliations with the forum state are so continuous and systematic that the corporation "is fairly regarded as at home" there. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *Monkton*, 768 F.3d at 432. A corporation's place of incorporation and its principal place of business

are paradigm bases for general jurisdiction. *Bauman*, 134 S. Ct. at 760. Although the Supreme Court has rejected the argument that simply "doing substantial business" serves as a legitimate basis for imposing general jurisdiction, it did not "foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 761 n.19.

Specific jurisdiction exists when a plaintiff's injuries arise out of the non-resident defendant's contacts with the forum state. *See Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 (5th Cir. 1996). Premier asserts that when it responds to the motion to dismiss, it will "fully brief its argument that specific jurisdiction over the Ravago Defendants exists under the 'effects test' established by the Supreme Court in *Calder v. Jones*[,] 464 U.S. 783, 791 (1984)." Dkt. 56 at 2. Premier claims that "the discovery sought by Premier to establish general jurisdiction also encompasses the type of evidence needed to establish specific jurisdiction." *Id*.

### III. ANALYSIS

**A. Ravago Americas and Genesis Polymers's Texas Contacts**

Premier asserts the following facts in support of exercising jurisdiction over defendants Ravago Americas and Genesis Polymers:

- Ravago Americas has registered nine assumed name certificates (including Genesis Polymers) in Texas dating from as early as October 2013. Dkt. 52, Ex. B. The Ravago Defendants do not dispute this allegation. Dkt. 55 at 6.

- Each assumed name certificate lists a Texas address as the "entity's principal office address." Dkt. 52, Ex. B. Premier suggests that these offices constitute "principal

offices" for personal jurisdiction purposes. Dkt. 52 at 7. The Ravago Defendants dispute this contention, asserting that the address provided on all but two of the certificates (211 E. 7th Street, Suite 620, Austin, Texas) is merely Ravago Americas's registered agent for service of process, and that the other addresses correspond to recycling facilities that Ravago Americas owns in Texas. Dkt. 55 at 6. Therefore, the parties dispute whether any of these offices constitute "principal offices" for jurisdictional purposes.

- Each of Ravago Americas's assumed names conducts business in Texas counties. Dkt. 52 at 7.

- Ravago Americas has several manufacturing facilities in Texas. Dkt. 52 at 8. The Ravago Defendants admit that Ravago Americas has three recycling facilities in Texas. Dkt. 55 at 6.

- Ravago Americas has Texas-based employees. Dkt. 52 at 8. Premier has offered evidence that at least one employee (i.e., Ravago Americas's director of health, safety, and environment) is based out of Houston, Texas. Dkt. 52, Ex. E.

- Ravago Americas has a registered agent in the state of Texas for service of process and pays franchise taxes in Texas. Dkt. 52 at 8.

- Ravago Americas and Genesis Polymers have not filed affidavits with their motion to dismiss claiming that those entities have little to no contacts in Texas.

The court finds that these factual allegations "suggest with reasonable particularity the possible existence of requisite contacts" to exercise personal jurisdiction over Ravago Americas and Genesis Polymers.

4

**B. Ravago Holdings's Texas Contacts**

Premier's alleged basis for exercising personal jurisdiction over Ravago Holdings is based on imputing Ravago Americas's Texas contacts to Ravago Holdings through an "alter ego" theory. Dkt. 52 at 13.

In determining whether a subsidiary is the alter ego of the parent for purposes of exercising personal jurisdiction, the Fifth Circuit applies a totality of the circumstances test and considers the following factors:

> (1) the parent and the subsidiary have common stock ownership;
> (2) the parent and the subsidiary have common directors or officers;
> (3) the parent and the subsidiary have common business departments;
> (4) the parent and the subsidiary file consolidated financial statements and tax returns;
> (5) the parent finances the subsidiary;
> (6) the parent caused the incorporation of the subsidiary;
> (7) the subsidiary operates with grossly inadequate capital;
> (8) the parent pays the salaries and other expenses of the subsidiary;
> (9) the subsidiary receives no business except that given to it by the parent;
> (10) the parent uses the subsidiaries property as its own;
> (11) the daily operations of the two corporations are not kept separate; and
> (12) the subsidiary does not observe the basic corporate formalities.

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996).

Discovery is appropriate for determining whether the Texas contacts of Ravago Americas should be imputed to Ravago Holdings under the "alter ego" doctrine. *See Goodyear*, 131 S. Ct. at 2857 (suggesting that respondents could have asked the Court to pierce the corporate veil in order to acquire jurisdiction over foreign subsidiaries)*; see also Next Techs., Inc. v. Thermogenisis*, No. A-15-CV-00225-LVML, 2015 WL 4644890, at *4–7 (W.D. Tex. Aug. 4, 2015) (finding that the plaintiff made "a preliminary showing of jurisdiction" based on alter ego theory); *see also Featherston v. HSBC Card Servs., Inc.*, No. H-09-3940, 2010 WL 3120053, at *2 (S.D. Tex. Aug.

5

9, 2010) (Atlas, J.) (finding a prima facie assertion of personal jurisdiction over a non-resident defendant under an alter ego theory given that defendant had "filed an assumed name certificate with the State of Texas listing its 'principal office address in Texas' as 350 N. Paul Street in Dallas," the parent and subsidiary shared the same address and principals, and there was no evidence that they observed separate corporate formalities or accounting systems).

Premier alleges several facts in support of its alter ego theory. For example, Premier asserts that (i) Ravago Holdings has simultaneously shared the same president, assistant secretary, in-house counsel, and other officers and directors with its wholly-owned subsidiaries: Ravago Americas and Ravago Manufacturing Americas, Inc.; and (ii) Ravago Holdings's mailing address is exactly the same as both Ravago Americas and Ravago Manufacturing Inc.'s mailing address. Dkt. 52 at 15. The court finds that Premier's allegations are sufficient to establish the possible existence of requisite contacts to exercise personal jurisdiction over Ravago Holdings based on an alter ego theory.

**C. The Ravago Defendants' Request to Limit Premier's Proposed Jurisdictional Discovery**

The Ravago Defendants assert that Premier's proposed discovery requests are not reasonably tailored to the general jurisdiction inquiry and would impose massive costs on the defendants. Dkt. 55 at 15. Accordingly, they request that the court "drastically curtail the discovery Premier has proposed." *Id*.

Premier's proposed jurisdictional discovery covers thirty-one (31) pages and includes approximately seventy (70) requests for admission, seventy (70) requests for production, and twelve (12) interrogatories. Dkt. 52, Exs. I, J. The court finds that Premier's proposed discovery is reasonably tailored to determine whether either general *or* specific jurisdiction applies to each of the

Ravago Defendants. The discovery requests appear to be primarily aimed at (i) establishing Ravago Americas's and Genesis Polymers's Texas contacts; and (ii) proving that the various entities involved operate as one "unitary business." This discovery is appropriate because it is in furtherance of Premier's "alter ego" theory for exercising personal jurisdiction over Ravago Holdings. Therefore, the Ravago Defendants' request to limit the proposed jurisdictional discovery is DENIED.

**D. Leave to Amend and Enlarge Time to Respond to the Motion to Dismiss**

Premier has also requested leave to file an amended complaint and for additional time to respond to the Ravago Defendants' motion to dismiss. Dkt. 52 at 16. Premier's requests are GRANTED. The parties shall file a joint statement indicating the date(s) by which Premier must file its amended complaint and response to the motion to dismiss. If the parties are unable to agree upon such dates, the court will issue an order setting the respective due dates.

### IV. CONCLUSION

Premier's emergency motion to (1) conduct jurisdictional discovery and (2) enlarge time to respond to the motion to dismiss and amend complaint (Dkt. 52) is GRANTED. The Ravago Defendants' request to limit Premier's proposed jurisdictional discovery is DENIED.

It is so **ORDERED**.

Signed at Houston, Texas on October 21, 2015.

_____
Gray H. Miller
United States District Judge